Filed 4/1/16  P. v. Reynolds CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANK REYNOLDS,<br><br>    Defendant and Appellant. | B265385/B267387<br><br>(Los Angeles County<br>Super. Ct. No. MA064061) |

THE COURT:[*]

Frank Reynolds (defendant) appeals following his plea of "no contest" in case No. MA064061 to one count of vandalism over $400 in damage (Pen. Code, § 594, subd. (a))[1], and one count of stalking (§ 646.9, subd. (b)).

According to the probation officer's report, deputies responded following a complaint by Marlene Lopez that a man was throwing bricks at her residence.  As the deputies approached the residence, they saw defendant, who matched the description provided by Ms. Lopez, and detained him.  She informed the officers that two days prior she saw defendant break her second floor apartment window by throwing bricks at it.  A

---

[*]    BOREN, P.J.,    CHAVEZ, J.,    HOFFSTADT, J.

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

deputy discovered the windshield of a vehicle parked on the street was shattered. There was an impression in the windshield which appeared to have been made by a brick thrown through it. During the investigation it was discovered that another victim had recently suffered a broken windshield also caused by a thrown brick. A witness informed deputies he heard a noise that sounded like a window breaking and saw defendant come from that direction. Defendant, who was intoxicated, said he had been served with a protective order to stay away from Ms. Lopez and had not seen her in months.

Defendant was charged with three counts of vandalism (§ 594, subd. (a)), stalking (§ 646.9, subd. (b)), and disobeying a court order (§ 166, subd. (a)(4)). Defendant pled "no contest" to one count of vandalism and stalking; admitted a 1994 burglary conviction constituted a prior strike; agreed to a 10-year stay-away protective order; and agreed to pay victim restitution to the two victims in an amount totaling $2,319.36. Defendant was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood. The trial court expressly found defendant's waivers and plea were voluntary, knowing and intelligent. Pursuant to the terms of the plea bargain the court sentenced defendant to 32 months in state prison, and ordered him to pay the agreed upon restitution amount of $2,319.36. The remaining counts and allegations were dismissed.

Defendant neither sought nor was granted a certificate of probable cause. Nevertheless, on June 5, 2015, approximately 10 months after sentencing, defendant filed a pro. per. motion to vacate his sentence claiming Ms. Lopez was not the registered owner of the vehicle he damaged. Ten days later he filed a motion to dismiss the restitution finding. The trial court denied the motions ruling that defendant had "expressly waived his right to a restitution hearing, and stipulated to the amount owed . . . ." On June 30, 2015, defendant filed a notice of appeal challenging that ruling in case No. B265385. On July 22, 2015, defendant filed a motion to dismiss the strike prior. The trial court denied the motion, and on August 10, 2015, defendant appealed that ruling in case No. B267387. This court ordered both appeals consolidated for all purposes.

We appointed counsel to represent defendant on these appeals. After examination of the record, counsel filed an "Opening Brief" pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues. On January 19, 2016, we advised defendant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. On January 27, 2016, defendant submitted a supplemental brief in which he challenges the award of restitution to Ms. Lopez because she was not the registered owner of the vehicle he damaged. On February 10, 2016, defendant submitted a second supplemental brief in which he contends the trial court did not ascertain a factual basis for the plea.

Defendant's guilty plea and failure to obtain a certificate of probable cause limit the potential scope of defendant's appeal to "[g]rounds that arose after entry of the plea and do not affect the plea's validity" or "the denial of a motion to suppress evidence under Penal Code section 1538.5." (§ 1237.5, Cal. Rules of Court, rule 8.304(b).) The absence of a certificate of probable cause bars defendant's attack on the factual basis of his plea. Defendant's attack on the restitution award fails for a different reason—namely that he was represented by counsel throughout the proceedings and freely and voluntarily stipulated to the amount of restitution ordered by the court.

We have examined the entire record and have found no arguable error that would result in a disposition more favorable to defendant. We are satisfied that defendant's attorney has fully complied with her responsibilities. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende, supra,* 25 Cal.3d at p. 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.